N THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

In RE:                                :
                                      :
HAROLD L AND CONSTNANCE BERRY :       Case No. 19-10969BLS
                                      :       Chapter 13
       Debtor                         :

## NOTICE OF HEARING

To:  All names and addresses on Debtor's Mailing matrix.

PLEASE TAKE NOTICE that the Confirmation Hearing on the Amended Chapter 13 Plan filed on July 22, 2019 will be held at the United States Bankruptcy Court at 824 Market Street, Wilmington DE 19801 on July 29, 2019 at 3:00 p.m. **ANY OBJECTIONS MUST BE FILED AND SERVED TOGETHER WITH A CERTIFICATE OF SERVICE WITH THE UNITED STATES BANKRUTPCY COURT, 824 MARKET STREET WILMINGTON DE 19801 AND SERVED UPON COUNSEL AT THE ADDRESSED LISTED BELOW.  FAILURE TO TIMELY FILE AND SERVE AN OBJECTION TO THE PLAN WILL RESULT IN THE CONFIRMATION OF THE AMENDED CHAPTER 13 PLAN.**

Dated: July 22, 2019                  /S/ VIVIAN A HOUGHTON ESQUIRE
                                      Vivian A Houghton Esquire
                                      800 West Street
                                      Wilmington DE 19801
                                      (302) 658-0518
                                      Attorney for Debtor

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

IN RE: HAROLD AND CONSTANCE BERRY    )
                                        ) Chapter 13
          Debtor(s).                  ) Bk. Case No: 19-10969

## SECOND AMENDED CHAPTER 13 PLAN

### I. Notice

NOTICE TO ALL CREDITORS THAT THIS PLAN AND ALL OF ITS PROVISIONS ARE SUBJECT TO DEL. BANKR. L.R. 3023-1 AND YOUR RIGHTS MAY BE AFFECTED BY THIS PLAN. IF YOU OPPOSE THE PLAN'S TREATMENT OF YOUR CLAIM OR ANY PLAN PROVISION YOU OR YOUR ATTORNEY MUST FILE AN OBJECTION TO CONFIRMATION AT LEAST 7 DAYS BEFORE THE DATE SET FOR THE CONFIRMATION HEARING. THE BANKRUPTCY COURT MAY CONFIRM THIS PLAN WITHOUT FURTHER NOTICE IF NO OBJECTION IS FILED. SEE BANKRUPTCY RULE 3015. YOU SHOULD NOTE THE FOLLOWING (boxes must be checked by debtor(s) if applicable):

X   The plan seeks to limit the amount of a secured claim, as set out in III.2, which may result in partial payment or no payment at all to the secured creditor
☐   The plan will seek avoidance of a lien or security interest
☐   The plan contains nonstandard provisions in paragraph VI

### II. Plan Payments and Length of Plan:
The future earnings of the debtor are submitted to the supervision and control of the Court and the Debtor's employer or the Debtor shall pay to the trustee the sum of $2,238.00 for 6 months, $2,442.00 for 54 months of the 60 month plan.

### III. Plan Distribution:
From the payment so received, after deduction of allowed Trustee's commission, the Trustee shall make disbursements as follows:

    1. **Priority Claims:**
        Full payment in deferred cash payments of all claims entitled to priority under 11 U.S.C. Section 507.

| | |
|---|---|
| X☐ (A) Debtor's Counsel Fees: | $4,000.00 |
| X☐ (B) Priority Taxes: IRS 2016, 2017, 2018 | 14,178.22 |
| DDOR 2015 2016, 2017, 2018 | 6,802.84 |

**AMENDED TO CORRECT AMOUNT TO DDOR PER THE POC.**

☐ (C) Domestic Support Obligations_____
X☐ (D) Other Priority or Administrative Expenses

Llangollen Maintenance Corp          6,000.00
2011 through 2019

2. **Secured Claims**–(boxes must be checked)
        X Pro-rata with or

            ☐subsequent to dividends to priority creditors, holders of allowed
            secured claims shall retain the liens securing such claims and
            shall be paid as follows:

X☐ (A) Long term or mortgage debt -PRE-PETITION ARREARAGE ONLY,
to be paid to  Fay Servicing  $250.00 for the real property located at 311
Rolling Green Ave, New Castle, De 19720.

X☐  Debtor shall continue to make regular post-payments directly to
Carrington Mortgage for the first mortgage for the real property located at 311
Rolling Green Avenue, New Castle, De 19720.

X☐  Debtor shall continue to make regular post-payments directly to Fay
Servicing, Inc. for the second mortgage for the real property located at 311
Rolling Green Avenue, New Castle, De 19720.

This Section of the Plan specifically incorporates all of the provisions affecting
mortgage claims as set forth in Del. Bankr. L.R. 3023-1(b) and the parties shall
be so governed.

☐ (B) Secured Vehicle debt (cramdown) - Pro-rata payments to:

X☐ (C) Secured Vehicle debt (910 car claim) - Pro-rata payments to SunTrust
Bank in the full amount of the vehicle claim $46,732.71 @ 7.256.0% for the
2018 Jeep Grand Cherokee.  Total payments will be $55,853.40.

Pro-rata payments to Capital One in the full amount of the vehicle claim
$41,435.07 @ 6.0% for the 2018 Jeep Grand Cherokee.  Total payments will
be $48,063.00

Ally Financial for the 2018 Nissan Altima to be surrrendered

☐ (D) Other secured debt: _____

3. **Surrender of Collateral and Co-Debtor Relief:**
XX (A) Debtor surrenders secured collateral to: Ally Financial for the 2018
Nissan Altima to be surrrendered  (Name of creditor and collateral)
Debtor(s) abandons such property and agrees that the Automatic Stay under 11
U.S.C. Section 362 is terminated as to the property and any interest in the
property effective immediately on confirmation of this Plan. Claims, if any

submitted by such creditor may receive a distribution under the Plan if such claims reflect an applicable deficiency balance remaining following surrender.

⬜ (B) Co-Debtor relief under 11 USC Section 1301 is granted effective immediately upon confirmation of the Plan as to surrendered property.

**4. Unsecured Claims:**
Subsequent to dividends to priority and secured creditors, dividends to allowed non-priority                                    general unsecured creditors shall be distributed as follows:

General unsecured creditors will be paid ⬜ a dividend of ___% of their allowed claim or ⬜ a pro rata dividend of
⬜ 1. _____ BIOC or
⬜ 2. _____Disp. Income x 60 months as calculated under Section 1325(b), or
X⬜ 3. a pro-rata dividend from the base plan, if any.

**IV. Leases or Executory Contracts:** (If applicable)  The following leases or executory contracts of the debtor will be treated as follows:

**V.  Vesting of Property:** Title to Debtor's property shall revest in the Debtor on confirmation of the Plan, except for undistributed plan payments held by the Trustee. Unless otherwise ordered, upon conversion of this case to Chapter 7 all undistributed plan payments received from a debtor's post-petition wages shall be refunded to the debtor(s). Upon dismissal, unless otherwise ordered, the Trustee is authorized to disburse undistributed plan payments to allowed claimants in accordance with this Plan.

**VI. Nonstandard Provisions:** Any other nonstandard provision placed elsewhere in this plan is void.

**VII. Filing Proof of Claim Required:** A proof of claim must be filed in order to share in distributions under the plan. A proof of claim may be filed either electronically or as paper. To file an electronic claim, go to the website www.deb.uscourts.gov and click on "File a Claim" and follow the instructions. Once the necessary information is entered the form will be automatically generated. To obtain a claim form to file a paper claim, go to the website www.uscourts.gov and click on "Services and Forms, then click on Bankruptcy Forms, the Select B410-Proof of Claim. Completed paper claims should be delivered or mailed to United States Bankruptcy Court, Attn: Claims, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801.

/s/ HAROLD L BERRY                              July 22, 2019
Debtor's Signature                                    Date

/s/ CONSTANCE BERRY                         July 22, 2019

Debtor's Signature                                          Date

**The undersigned certifies that this plan contains no nonstandard provision other than as set forth in paragraph VI above.**

/s/VIVIAN A HOUGHTON, ESQUIRE                    July 22, 2019
Attorney for Debtor(s)                                      Date

### CHAPTER 13 PLAN ANALYSIS

RE: HAROLD & CONSTANCE BERRY          CASE No: 19-10969
Prior: Bankruptcy ( ) Chapter 13 (X)          Date: July 22, 2019

Estimated Length of Plan 60 Months          Trustee Use

341 Meeting Date _____
Continued: 
Confirmed Date: _____

**TOTAL DEBT PROVIDED FOR UNDER THE PLAN AND ADMINISTRATIVE EXPENSES**

A. TOTAL PRIORITY CLAIMS (Class One)

   i)    Unpaid Attorney fees ---------------------------- $    4,000.00

   ii)   Taxes.........................................................................    $  20,981.06

   iii)  OTHER....................................................-------------------- -  $    6,000.00

TOTAL OF PAYMENTS TO CURE DEFAULTS (Class two)........................    250.00

TOTAL OF PAYMENTS ON SECURED CLAIMS (Class Three)................    103,916.40

TOTAL OF PAYMENTS ON UNSECURED CLAIMS (Class four)................

SUB-TOTAL.......................................................................................................    135,147.46

TOTAL TRUSTEE'S COMPENSATION (10% OF debtor's payments)...    10,136.06

TOTAL DT AND ADMINISTRATIVE EXPENSES............................    145,283.52

RECONCILIATION WITH CHAPTER

B. INTEREST OF CLASS FOUR CREDITORS IF CHATPER 7 FILED

   I)    Value of debtor's interest in nonexempt property...........................................

   ii)   Plus: Value of Property recoverable under avoiding powers................

   iii)  Less: Estimated Chapter 7 administrative expense...........................................

   iv)   Less: amounts payable to priority creditors other than

                    Costs of admin...........................................................

   v)    Equals: estimated amount payable to Class 4 creditors if

                    Chapter 7 filed...........................................

C. ESTIMATED DIVIDINED FOR CLASS FOUR UNDER CHAPTER.....................

D. ESTIMATED DIVIDEND UNDER PLAN.................................................................................... . .

/s/ VIVIAN A HOUGHTON ESQUIRE          /S/HAROLD L BERRY
                                            DEBTOR

                                         /S/CONSTANCE BERRY
                                            DEBTOR

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

```
In RE:                         :
                               :
HAROLD L AND CONSTNANCE BERRY  :    Case No. 19-10969BLS
                               :    Chapter 13
       Debtor                  :
```

## CERTIFICATE OF SERVICE

I, Lucia C. Spillan, paralegal to Vivian A. Houghton, Esquire do hereby certify that on the 22ND day of July 2019 one (1) true copy of the Amended Chapter 13 Plan filed on July 22, 2019 was mailed postage paid to:

Michael B Joseph, Esquire
824 N Market Street 1002
Wilmington, DE 19801

All names and addresses listed on Debtor's mailing matrix

Dated: July 22, 2019    /s/ LUCIA C SPILLAN
            Lucia C Spillan, paralegal to
            Vivian A Houghton Esquire
            800 West Street
            Wilmington DE 19801
            (302) 658-0518
            Attorney for Debtor